**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115651

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Leopold Koenig, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Stevens Business Services, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Leopold Koenig, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Stevens Business Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Leopold Koenig is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Stevens Business Services, Inc., is a Massachusetts Corporation with a principal place of business in Suffolk County, Massachusetts.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for household utility purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 4, 2018. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. The Debt was incurred on a Keyspan New York ("Keyspan") account.

19. Pursuant to the terms and conditions of the account, Keyspan charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

20. Pursuant to the terms and conditions of the account, Keyspan charged Plaintiff other fees on the account.

21. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Keyspan.

22. The right to collect from Plaintiff other fees on the account was not waived by Keyspan.

23. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

24. The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

25. Plaintiff was never informed by anyone that the terms and conditions of the account were changed.

26. Pursuant to the terms and conditions of the account, late fees continued to accrue on any payments due but not timely made by Plaintiff.

27. Pursuant to the terms and conditions of the account, other fees continued to accrue on the account.

28. Pursuant to the terms and conditions of the account, Keyspan and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

29. Pursuant to the terms and conditions of the account, Keyspan and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

30. Pursuant to the terms and conditions of the account, the legal right of Keyspan and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Keyspan or any assignee or successor-in-interest as a result of a failure by either Keyspan or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

31. Pursuant to the terms and conditions of the account, the legal right of Keyspan and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Keyspan or any assignee or successor-in-interest as a result of a failure by either Keyspan or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

32. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to and fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

33. The Letter failed to disclose that the balance stated may increase due to late fees.

34. The Letter failed to disclose that the balance stated may increase due to other fees.

35. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692g

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

39. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

40. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

41. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

42. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether late fees and/or other fees are accruing.

43. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

44. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

45. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the balance to increase at any time in the future.

46. The failure to include the foregoing information renders an otherwise accurate

statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

47. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

48. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

49. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

50. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

51. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

52. For instance, the Letter fails to indicate the amount of late fees.

53. For instance, the Letter fails to indicate the date such fees will be added.

54. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

55. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the amount stated to increase.

56. The Letter fails to state whether late fees and/or other fees are accruing.

57. The Letter fails to state what part of the amount stated is attributable to principal.

58. The Letter fails to state what part of the amount stated is attributable to late fees.

59. The Letter fails to state what part of the amount stated is attributable to other fees.

60. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

61. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

62. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

63. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

not know whether fees would continue to accrue, or whether the amount of the debt was static.

64. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

65. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

66. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

67. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

68. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

69. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

### THIRD COUNT
### Violation of 15 U.S.C. § 1692e

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

72. As previously set forth, Plaintiff was always charged fees on the account.

73. As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the account were changed.

74. The Letter fails to disclose whether the amount stated may increase due to additional late fees.

75. The Letter fails to disclose whether the amount stated may increase due to additional fees.

76. The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

77. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

78. The Letter, because of the aforementioned failures, and because fees were always charged on the account and Plaintiff was never informed by anyone that fees would no longer be

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

applied, can reasonably be read by the least sophisticated consumer to mean that fees were still accruing.

79. The Letter could also reasonably be read by the least sophisticated consumer to mean that fees were no longer accruing.

80. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

81. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

82. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of fees.

83. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

84. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

85. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter containing the same deficiencies as the Letter herein, from one year before the date of this Complaint to the present.

86. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

87. Defendant regularly engages in debt collection.

88. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter containing the same deficiencies as the Letter herein.

89. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

90. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

91. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

92. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

   g. Such other relief that the Court determines is just and proper.

DATED: August 19, 2018

               **BARSHAY SANDERS, PLLC**

               By: _/s/ *Craig B. Sanders* _____
               Craig B. Sanders, Esq.
               100 Garden City Plaza, Suite 500
               Garden City, New York 11530
               Tel: (516) 203-7600
               Fax: (516) 706-5055
               csanders@barshaysanders.com
               *Attorneys for Plaintiff*
               Our File No.: 115651

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530